DENNISON MANUFACTURING CO. *v.*
PANDUIT CORP.

No. 85–1150.  Decided April 21, 1986

PER CURIAM.

Respondent holds three patents for plastic cable ties, products that are commercially successful.  Petitioner copied respondent's products, was sued for patent infringement in the Northern District of Illinois, and defended on the ground that the patents were invalid for obviousness.  The trial

judge examined the prior art, identified the differences between the prior art and each of the three patents at issue, and concluded that all of the improvements made by the three patents over the prior art would have been obvious to one skilled in that art. In the course of arriving at this conclusion, the trial judge recognized that the presumption of patent validity must be overcome by clear and convincing evidence, that the patents' commercial success and the failure of competitors to develop equally successful inventions were important factors weighing in favor of the validity of the patents, and that in addressing the question of obviousness a judge must not pick and choose isolated elements from the prior art and combine them so as to yield the invention in question if such a combination would not have been obvious at the time of the invention. Nonetheless, the judge found that respondent's patents were invalid for obviousness.

The Court of Appeals for the Federal Circuit reversed. 774 F. 2d 1082 (1985). The court disagreed with the District Court's assessment of the prior art, ruled that the references cited by the District Court did not teach the innovations introduced by respondent, and referred to other errors made by the District Court.

Petitioner contends that the Federal Circuit ignored Federal Rule of Civil Procedure 52(a) in substituting its view of factual issues for that of the District Court. In particular, petitioner complains of the rejection of the District Court's determination of what the prior art revealed and its findings that the differences identified between respondent's patents and the prior art were obvious.

Petitioner's claims are not insubstantial. As this Court observed in *Graham* v. *John Deere Co.*, 383 U. S. 1, 17–18 (1966):

> "While the ultimate question of patent validity is one of law, . . . the § 103 condition [that is, nonobviousness] . . . lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be

determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unresolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobviousness, these inquiries may have relevancy."

This description of the obviousness inquiry makes it clear that whether or not the ultimate question of obviousness is a question of fact subject to Rule 52(a), the subsidiary determinations of the District Court, at the least, ought to be subject to the Rule.

The Federal Circuit, however, did not mention Rule 52(a), did not explicitly apply the clearly-erroneous standard to any of the District Court's findings on obviousness, and did not explain why, if it was of that view, Rule 52(a) had no applicability to this issue. We therefore lack an adequate explanation of the basis for the Court of Appeals' judgment: most importantly, we lack the benefit of the Federal Circuit's informed opinion on the complex issue of the degree to which the obviousness determination is one of fact. In the absence of an opinion clearly setting forth the views of the Court of Appeals on these matters, we are not prepared to give plenary consideration to petitioner's claim that the decision below cannot be squared with Rule 52(a). Instead, we grant the petition for certiorari, vacate the judgment, and remand the case to the Court of Appeals for further consideration in light of Rule 52(a).

*It is so ordered.*

JUSTICE MARSHALL dissents from this summary disposition, which has been ordered without affording the parties

prior notice or an opportunity to file briefs on the merits. See *Cuyahoga Valley R. Co.* v. *United Transportation Union*, 474 U. S. 3, 8 (1985) (MARSHALL, J., dissenting); *Maggio* v. *Fulford*, 462 U. S. 111, 120–121 (1983) (MARSHALL, J., dissenting).