**Frank E. PAULIK and Robert G. Schultz, Appellants,**

v.

**Nabil RIZKALLA and Charles N. Winnick, Appellees.**

**Appeal No. 86–824.**

United States Court of Appeals, Federal Circuit.

July 21, 1986.

---

**17.** FED.R.CIV.P. 56(c).

James H. Laughlin, Jr., Benoit, Smith & Laughlin, Arlington, Va., argued for appellant. With him on brief was Wendeil W. Brooks, Monsanto Co., St. Louis, Mo.

Harold N. Wells and William C. Long, The Halcon SD Group, Inc., Montvale, N.J., submitted for appellee.

Before FRIEDMAN, DAVIS, and NEWMAN, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board) which, on remand from this court's decision in *Paulik v. Rizkalla,* 760 F.2d 1270, 226 USPQ 224 (Fed.Cir.1985), again awarded priority in this interference proceeding to Rizkalla. We vacate and remand.

I

A. The following facts pertinent to the issue before us were stated in our prior decision:

Rizkalla's patent application has the effective filing date of March 10, 1975, its parent application. Paulik's patent application was filed on June 30, 1975....

The Board held and Rizkalla does not dispute that Paulik reduced the invention of the count to practice in November 1970 and again in April 1971.

On about November 20, 1970 Paulik submitted a "Preliminary Disclosure of Invention" to the Patent Department of his assignee, the Monsanto Company

....

Despite occasional prodding from the inventors, and periodic review by the patent staff and by company management, this disclosure had a lower priority than other patent work....

In January or February of 1975 the assignee's patent solicitor started to work toward the filing of the patent application; drafts of the application were prepared, and additional laboratory experiments were requested by the patent solicitor and were duly carried out by an inventor....

The Board then held that Paulik's four-year delay from reduction to practice to his filing date was prima facie suppression or concealment under the first clause of section 102(g), that since Paulik had reduced the invention to practice in 1971 and 1972 he was barred by the second clause of section 102(g) from proving reasonable diligence leading to his 1975 filing, and that in any event the intervening activities were insufficient to excuse the delay. The Board refused to consider Paulik's evidence of renewed patent-related activity.

*Paulik,* 760 F.2d at 1271–72; 226 USPQ at 224–25.

On appeal to this court, we held that [t]here is no impediment in the law to holding that a long period of inactivity need not be a fatal forfeiture, if the first inventor resumes work on the invention before the second inventor enters the field.

....

... There is no authority that would estop Paulik from relying on his resumed activities in order to predate Rizkalla's earliest date. We hold that such resumed activity must be considered as evidence of priority of invention. Should Paulik demonstrate that he had renewed activity on the invention and that he proceeded diligently to filing his patent application, starting before the earliest date to which Rizkalla is entitled—all in accordance with established principles of interference practice—we hold that Paulik is not prejudiced by the fact that he reduced the invention to practice some years earlier.

*Id.* at 1272–73, 226 USPQ at 225–26 (Fed. Cir.1985).

We also held that the Board did not abuse its discretion when it excluded, based on 37 C.F.R. § 1.251(b), certain evidence that Paulik sought to introduce during the rebuttal period, because it was not rebuttal evidence. We also upheld the Board's decision not to consider a piece of evidence that Paulik had not timely served or moved.

The concluding paragraph of our opinion stated:

Having established the principle that Paulik, although not entitled to rely on his early work, is entitled to rely on his renewed activity, we vacate the decision of the Board and, in the interest of justice, remand to the PTO for new interference proceedings in accordance with this principle.

*Paulik,* 760 F.2d at 1276, 226 USPQ at 228.

B. Following the remand the Board granted Rizkalla but not Paulik the opportunity to seek reopening of his testimony period to take testimony relating to priority, but Rizkalla declined to do so. Paulik sought reconsideration, stating that the ruling was inconsistent with our decision. Paulik requested that both parties be given "a period in which to file respective motions to reopen their respective testimony periods for the purposes of taking priority testimony." Paulik asserted that our decision remanding the case for "new interference proceedings" required "that the parties to the interference be given equal opportunity to present further evidence in their behalf." It stated that under our remand "[n]ew proceedings including new assignment of priority testimony periods and briefs for both parties prior to setting a new Final Hearing are appropriate ...."

The Board denied reconsideration. On the basis of the record in the prior interference proceedings, it again awarded priority to Rizkalla.

The Board interpreted our opinion as saying that Paulik "stands in the same position as if he had never actually reduced the invention to practice in 1970 and 1971." The Board also found that other than the "suppressed actual reductions to practice," the record was devoid of evidence demonstrating that Paulik had reduced his invention to practice prior to Rizkalla's filing date. The Board thus held that Paulik was the first to conceive, but the last to reduce to practice. Under "established interference law," the Board concluded that Paulik could be accorded priority of invention only if he could "establish the exercise of reasonable diligence during the sixteen-week critical period of from just prior to [Rizkalla's filing date] until his own filing date...."

Based upon its examination of the evidence, the Board ruled that because there was a four-week period beginning before and running until after the filing of Rizkalla's application, during which there was no activity in connection with Paulik's patent application, Paulik had not shown due diligence during the period from just prior to Rizkalla's filing date to Paulik's filing date. According to the Board, under 35 U.S.C. § 102(g) and "established interference law," Paulik, as the first to conceive and the last to reduce to practice, would be entitled to priority only by showing reasonable diligence during that entire period.

## II

A. In our prior decision we recognized that we were deciding "a question not previously treated by this court or, indeed, in

the historical jurisprudence on suppression or concealment." *Paulik,* 760 F.2d at 1273, 226 USPQ at 226. For that reason we did not merely vacate the Board's decision and remand the case for further proceedings, but directed the Board to conduct "new interference proceedings in accordance with this principle," namely, "that Paulik, although not entitled to rely on his early work, is entitled to rely on his renewed activity...." *Id.* at 1276, 226 USPQ at 228.

The Board's action on remand did not comply with that direction. Instead of permitting the parties to introduce additional evidence in new interference proceedings, the Board decided the case on the old record. It did not even permit the parties to file additional briefs to discuss the issues on remand in the light of the new principle we had announced. The Board did not conduct "new" interference proceedings but merely continued the old proceedings.

The Board's opinion suggests that perhaps the Board concluded that because we had upheld its refusal to consider the additional evidence that Paulik had attempted to introduce during the rebuttal period, the Board could not receive new evidence on the remand. Our ruling on the rebuttal evidence merely recognized that the Board had acted within its discretion in excluding that evidence in the context in which it was offered in the prior proceedings. We did not thereby intend to preclude the Board from considering that evidence, or any other relevant evidence the parties might offer, in the new interference proceedings we directed. To the contrary, we intended that the Board should admit and consider all such evidence.

B. In response to Paulik's contention in his brief that the Board improperly refused to permit the introduction of additional evidence, Rizkalla stated in his brief:

> Paulik told the Board he was happy with the existing record. When, therefore, Rizkalla declined at that time to take priority testimony, there was nothing for the Board to do but to consider the evidence as it existed, particularly

the evidence of renewed activity by Paulik "in accordance with established principles of interference practice", pursuant to the remand by this Court. The Board has thus carried out new interference proceedings in accordance with the remand which are fully consistent with the wishes of Paulik, the Appellant. As mentioned, Paulik specifically *requested* that matters proceed on the basis of "the existing record." [Emphasis in the original.]

In support of this statement Rizkalla quoted the following portion of Paulik's request for reconsideration, the same request for reconsideration to which we have previously referred on page 3:

> ... *[I]t is requested* that the Board not allow either party to reopen his testimony period and instead establish a new brief schedule for a final hearing in this case *based upon the existing record.* [Emphasis added by Rizkalla.]

These statements by Rizkalla are false and involve a blatant distortion of the record. As noted, in his request for reconsideration, Paulik urged the Board to permit the parties to introduce additional evidence. The passage Rizkalla quoted beginning with the words "[I]t is requested," contains an ellipsis. When the omitted material that precedes the quotation is reinserted, the entire statement by Paulik reads as follows:

> Alternatively, should the Board decline the party Paulik et al's above request that the Board set a period within which both parties may file motions to reopen their respective testimony periods for the purposes of taking priority testimony, it is requested that the Board not allow either party to reopen his testimony period and instead establish a new brief schedule for a final hearing in this case based upon the existing record.

Paulik thus specifically requested the Board to reopen the record to permit both parties to present additional evidence. Paulik's suggestion that the Board decide the case on the existing record was made as an alternative should the Board reject

his primary request to reopen the proceeding. Contrary to Rizkalla's representation, Paulik was not "happy with the existing record" and had not "specifically *requested* that matters proceed on the basis of 'the existing record.'" The manner in which the Board conducted proceedings on remand was not "fully consistent with the wishes of Paulik."

■ This conduct by Rizkalla's counsel, involving flagrant misrepresentations of the record, was a gross violation of the high standards of professional conduct that we expect and demand of the members of our bar. There is no possible excuse for a lawyer distorting the record in the way that Rizkalla's counsel has done. In the circumstances, Paulik is awarded double his costs on the appeal. *Panduit Corp. v. Dennison Manufacturing Co.*, 774 F.2d 1082, 1102, 227 USPQ 337, 351 (Fed.Cir. 1985), *vacated on another ground*, — U.S. ——, 106 S.Ct. 1578, 89 L.Ed.2d 817 (1986); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1486, 221 USPQ 649, 656–57 (Fed.Cir.1984).

■ C. The Board misinterpreted our prior decision as holding that Paulik "stands in the same position as if he had never actually reduced the invention to practice in 1970 and 1971." The Board relied on our statement that "the longstanding rule [is] that too long a delay may bar the first inventor from reliance on an early reduction to practice in a priority contest." *Paulik*, 760 F.2d at 1275, 226 USPQ at 228.

That statement was intended to indicate only that because of Paulik's long delay in filing his application, he could not rely upon the date of his reduction to practice as establishing priority as of the date of that reduction to practice. Paulik, however, still may rely upon the fact that he had reduced his invention to practice four years before Rizkalla filed, for example, as evidence of possession of the completed invention.

As we stated in our prior opinion: "Should Paulik demonstrate that he had renewed activity on the invention and that he proceeded diligently to filing his patent application, ... we hold that Paulik is not prejudiced by the fact that he had reduced the invention to practice some years earlier." *Paulik*, 760 F.2d at 1273, 226 USPQ at 225–26. We also said that "the first inventor will not be barred from relying on later, resumed activity antedating an opponent's entry into the field, merely because the work done before the delay occurred was sufficient to amount to a reduction to practice." *Id.* at 1275–76, 226 USPQ at 228. *See also* Judge Rich's concurring opinion in *Paulik*, which stated: "[T]he only sanction it is proper to apply against Paulik is to deprive him of the right, as against Rizkalla, to rely on the *date* of his earlier reduction to practice in establishing 'priority' because of the long delay thereafter, while *sustaining his right to rely on the time of his revived activity* if it is connected by diligence to his filing date." *Id.* at 1280, 226 USPQ at 231 (Rich, J., concurring) (emphasis in original).

D. To avoid any possible doubt or uncertainty about what the Board is required to do on the remand we now order, we vacate the decision of the Board and remand the case to the Board with the following directions:

1. The Board is to conduct new interference proceedings in which it shall permit the parties to introduce any evidence that is relevant to the issues in those proceedings. This includes both the evidence that the Board declined to consider in the prior proceedings because it was not proper rebuttal evidence or had not been timely served or moved, and any additional evidence the parties wish to present.

2. In the new interference proceedings the Board shall permit the parties to file briefs addressing the issues in those proceedings, pursuant to 37 C.F.R. § 1.656(a) (1985).

3. The Board need not conduct *de novo* proceedings, however, but may utilize as much of the existing record as may appear appropriate, subject to augmentation of the record by the parties as provided in para-

graph 1 above. We, of course, intimate nothing as to the result of the new interference proceedings.

## CONCLUSION

The decision of the Board is vacated and the case is remanded to the Board to conduct new interference proceedings in accordance with this and our prior opinion.

VACATED and REMANDED.