867 F.2d 616
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert M. DABIC and DABICO, Inc., Plaintiff-Appellee,
v.
CRANEVEYOR CORPORATION, Defendant-Appellant.
Brutoco Engineering & Construction, Inc., Defendant.
 No. 88-1428.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1989.
 
 Before FRIEDMAN, EDWARD S. SMITH and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Craneveyor Corporation appeals from the judgment of the United States District Court for the Central District of California, No. CV 85-6753-CBM, holding not invalid and infringed, U.S. Patent No. 4,467,932, entitled Easy Lift Pit Lid, issued to Robert M. Dabic and under which licensee, Dabico Corporation, manufacturers subsurface, walled enclosures or "pits" having Dabic's patented lid. Craneveyor also appeals the district court judgment holding Craneveyor liable to Dabic for $45,000 in lost profits based on the sale of 5 pits by Craneveyor to the City of Los Angeles, Department of Airports. Craneveyor argues that Dabico's lids were not marked in accordance with 35 U.S.C. Sec. 287 (1984), and that, therefore, damages cannot be recovered. We affirm both judgments.
 
 OPINION
 I.
 
 2
 Craneveyor argues that the district court committed reversible error in finding the Dabic patent not anticipated by U.S. Patent No. 768,869, issued to William J. Symons, that Craneveyor says includes every element recited in independent claim 1 of Dabic. Craneveyor also urges reversal of the not invalid holding based on the obviousness of the Dabic lid, apparently in view of some combination of the Symons patent, U.S. Patent No. 1,346,787, issued to Joseph M. Kryl, and a page from a catalog published by the Neenah Foundry Company (see Appellant's Reply Brief, "Addendum Exhibit H").
 
 
 3
 Merely showing a similar or even the same concept behind a prior art reference and the patented invention is not enough to establish anticipation. See Panduit Corp. v. Dennison Manufacturing Co., 774 F.2d 1082, 1101, 227 USPQ 337, 350 (Fed.Cir.1985), vacated, 475 U.S. 809 (1986), on remand, 810 F.2d 1561, 1 USPQ2d 1593 (Fed.Cir.1987), cert. denied, 107 S.Ct. 2187 (1987). Anticipation requires the disclosure in a prior art reference of each and every element, as set forth in a claim of the patent. Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1574, 1 USPQ2d 1081, 1087 (Fed.Cir.1986). Furthermore, whether a reference anticipates the patent is a factual determination, reviewable under the clearly erroneous standard. Ralston Purina Co. v. Far-Mar-Co., Inc., 772 F.2d 1570, 1574, 227 USPQ 177, 179 (Fed.Cir.1985).
 
 
 4
 In our view, Craneveyor has not shown that the district court committed clear error in finding that Dabic's claims were not anticipated by Symons. The Symons reference was before the district court, and was also considered by the Patent and Trademark Office during the reexamination proceeding for which the district court action was stayed. On the basis of the reasoning expressed by the examiner during reexamination, the district court found Dabic's claims not anticipated by Symons. The examiner stated that the means for operating cellar or trap doors described in Symons did not render unpatentable the pit lid claimed by Dabic, primarily because the various elements of the invention, as claimed, place the invention in a wholly different art area from that of the Symons door and an art area that is not analogous. The Dabic claims specifically recite an improvement to "a prefabricated pit for servicing an aircraft." No argument made by Craneveyor adequately addresses the lack of correspondence between the above-quoted claim language and the disclosure of Symons or any other reference which was brought to the district court's attention.
 
 
 5
 According to Craneveyor's own admission at oral argument, while it did argue anticipation, it did not argue obviousness before the district court. It concededly attempts to challenge the Dabic patent on obviousness grounds for the first time before us. A federal appellate court generally does not consider an issue not presented and decided below. Singleton v. Wulff, 428 U.S. 106, 120 (1976). This rule is essential in order that each party may have the opportunity to present evidence relevant to each issue raised, to give the district court the opportunity to decide the issue, and in order to avoid surprise to any party should the appeals court render a decision based on new issues first raised on appeal. Id. As an exception, a federal appellate court may resolve an issue presented for the first time on appeal where the proper resolution is beyond doubt "or where 'injustice might otherwise result.' " Id. at 121. In the present case, we are not of the view that the Dabic invention is obvious beyond a doubt, or that injustice results from the district court holding. Accordingly, we decline to consider Craneveyor's obviousness argument.
 
 II.
 
 6
 Craneveyor's argument with regard to infringement is that since the Dabic claims are invalid, the patent cannot be infringed by Craneveyor. Of course, where claims are invalid there can be no liability for infringement. We have concluded, however, that the district court was not wrong in holding the patent claims not invalid. Accordingly, since Craneveyor argues nothing more, actually asserting no meaningful differences between its device and Dabic's claims, we must also reject Craneveyor's noninfringement argument.
 
 III.
 
 7
 Craneveyor challenges the award of damages by the district court on the ground that the court incorrectly determined that pits that Dabic sold included lids which provided the notice required under 35 U.S.C. Sec. 287. We do not agree that the court's determination was incorrect. In its opinion, the district court set out and discussed each portion of the evidence supporting its finding that Dabic marked its lids. Craneveyor presented no meaningful evidence that Dabic failed to mark, and its challenge on appeal raises no meaningful question as to the sufficiency of the evidence provided by Dabic.
 
 IV.
 
 8
 Although we rule against Craneveyor in this appeal, and again reject anticipation arguments made first before the Patent and Trademark Office on reexamination, and then again at the district court, we decline to impose sanctions based on Dabic's charge that this appeal is frivolous. Though Craneveyor's arguments are clearly losing ones, they are not totally without any support in the record and the case law and, in our view, were not offered in bad faith.