# United States Court of Appeals for the Federal Circuit

---

**THE DOW CHEMICAL COMPANY,**
*Plaintiff-Cross-Appellant*

**v.**

**NOVA CHEMICALS CORPORATION (CANADA),
NOVA CHEMICALS INC. (DELAWARE),**
*Defendants-Appellants*

---

2014-1431, 2014-1462

---

Appeals from the United States District Court for the District of Delaware in No. 1:05-cv-00737-LPS, Chief Judge Leonard P. Stark.

---

## ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

HARRY J. ROPER, Jenner & Block LLP, Chicago, IL, argued for plaintiff-cross-appellant. Also represented by, AARON A. BARLOW, PAUL DAVID MARGOLIS; RAYMOND N. NIMROD, GREGORY D. BONIFIELD, WILLIAM ADAMS, CLELAND B. WELTON, II, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

DONALD ROBERT DUNNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for defendants-appellants. Also represented by

MARK J. FELDSTEIN, RONALD BLEEKER, DARREL CHRISTOPHER KARL.

––––––––––––––––––

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, and HUGHES, *Circuit Judges*.[*]

PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges*, concur in the denial of the petition for rehearing en banc.

MOORE, *Circuit Judge*, with whom NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges*, join, and with whom CHEN, *Circuit Judge*, joins with respect to parts I and II, concurs in the denial of the petition for rehearing en banc.

O'MALLEY, *Circuit Judge*, with whom REYNA, *Circuit Judge*, joins, dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

# O R D E R

Cross-Appellant The Dow Chemical Company filed a combined petition for rehearing and rehearing en banc. A response to the petition was invited by the court and filed by the Appellants NOVA Chemicals Corporation (Canada) and NOVA Chemicals Inc. (Delaware). The petition and response were referred to the panel that heard the appeal, and thereafter were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

––––––––––––––––––

[*] Circuit Judge Stoll did not participate.

The petition for rehearing en banc is denied.

The mandate of the court will be issued on December 28, 2015.

FOR THE COURT

December 17, 2015                /s/ Daniel E. O'Toole
        Date                     Daniel E. O'Toole
                                 Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**THE DOW CHEMICAL COMPANY,**
*Plaintiff-Cross-Appellant*

**v.**

**NOVA CHEMICALS CORPORATION (CANADA),**
**NOVA CHEMICALS INC. (DELAWARE),**
*Defendants-Appellants*

---

2014-1431, 2014-1462

---

Appeals from the United States District Court for the District of Delaware in No. 1:05-cv-00737-LPS, Chief Judge Leonard P. Stark.

---

PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges*, concurring in the denial of the petition for rehearing en banc.

We agree with Judge Moore that clear and convincing evidence is the standard for patent invalidation; that the burden to establish indefiniteness rests with the accused infringer; that findings of fact by juries are entitled to deference; and that knowledge of someone skilled in the art may be pertinent to the indefiniteness question. In particular, we agree that if a skilled person would choose an established method of measurement, that may be sufficient to defeat a claim of indefiniteness, even if that method is not set forth *in haec verba* in the patent itself.

The opinion in this case does not depart from, and in fact directly applies, those principles.

# United States Court of Appeals
# for the Federal Circuit

_____

**THE DOW CHEMICAL COMPANY,**
*Plaintiff-Cross-Appellant*

**v.**

**NOVA CHEMICALS CORPORATION (CANADA),
NOVA CHEMICALS INC. (DELAWARE),**
*Defendants-Appellants*

_____

2014-1431, 2014-1462

_____

Appeals from the United States District Court for the District of Delaware in No. 1:05-cv-00737-LPS, Chief Judge Leonard P. Stark.

_____

MOORE, *Circuit Judge*, with whom NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges*, join, and with whom CHEN, *Circuit Judge*, joins with respect to parts I and II, concurring in the denial of the petition for rehearing en banc.

While I concur that en banc action is not warranted in this case, I write separately to make clear that the panel's opinion does not change the law of indefiniteness in three key respects. First, despite Nova's claim to the contrary, the panel opinion does not and cannot stand for the proposition that extrinsic evidence cannot be relied upon to determine whether, in light of the state of knowledge of the skilled artisan at the time, a patent's specification is sufficiently definite. Second, despite Dow's contention

that it does, the panel's opinion does not alter Supreme Court and our own precedent that fact findings made incident to the ultimate legal conclusion of indefiniteness receive deference on appeal. Finally, the panel's opinion does not alter Supreme Court and our own precedent that the burden of proving indefiniteness, as with any allegation of invalidity, remains on the party challenging validity who must establish it by clear and convincing evidence.

## I.

There is no dispute that, under controlling precedent, the ultimate question of indefiniteness is one of law. Indefiniteness, like enablement, obviousness, and claim construction, sometimes requires resolution of underlying questions of fact. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 838 (2015) ("*Teva*") (claim construction in indefiniteness); *Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1299 (Fed. Cir. 2010) ("Definiteness . . . and enablement . . . are both questions of law with underlying factual determinations."); *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1345 (Fed. Cir. 2015) ("*Teva II*") (indefiniteness); *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1188 (Fed. Cir. 2014) (enablement); *Dennison Mfg. Co. v. Panduit Corp.*, 475 U.S. 809, 811 (1986) (obviousness). There is likewise no dispute that, under controlling precedent, extrinsic evidence may play a significant role in the indefiniteness analysis. Indeed, definiteness is evaluated from the perspective of a person of skill, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2128 (2014); requires a determination of whether such a skilled person would understand the scope of the claim when it is read in light of the specification, *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1576 (Fed. Cir. 1986); and is evaluated in light of knowledge extant in the art at the time the patent application is filed, *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1556–57 (Fed. Cir. 1983). It has long been the case that the patent need not

disclose what a skilled artisan would already know. *Wellman, Inc. v. Eastman Chem. Co.*, 642 F.3d 1355, 1367 (Fed. Cir. 2011); *see W.L. Gore*, 721 F.2d at 1557–58. *Nautilus* did not change any of those principles; it changed only the governing formulation of the substantive standard for indefiniteness, which, in many though not all cases, requires factual inquiries into skilled artisans' understanding.

It would be incorrect to argue that the *Dow* decision changed this or that the intrinsic record alone must disclose which measurement method to use. Nova defends the decision in its favor by arguing that the decision correctly determined that extrinsic evidence cannot be relied upon to determine which measurement method to use. Defs.-Appellants' Resp. to Dow Chem. Co.'s Combined Pet. For Reh'g & Hr'g *En Banc* 5. We do not view the *Dow* decision as standing for such a sweeping change to our law or as limiting extrinsic evidence in this manner. Appreciating what a skilled artisan knew at the time of the invention is pertinent to whether the claims are reasonably clear in their meaning and scope. A question about the state of the knowledge of a skilled artisan is a question of fact, likely necessitating extrinsic evidence to establish. *Dow* itself recognizes that appreciation of the knowledge of skilled artisans at the time of the invention necessarily arises when trying to discern whether the claims are reasonably clear in their meaning and scope. *Dow Chem. Co. v. Nova Chems. Corp.*, 803 F.3d 620, 635 n.10 (Fed. Cir. 2015) (noting that we considered "the knowledge of one skilled in the art" along with the claim language and prosecution history to conclude that the disputed claim term is definite in *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1382–84 (Fed. Cir. 2015)). Thus, *Dow* does not and cannot stand for the proposition that extrinsic evidence cannot be used to establish the state of knowledge of the skilled artisan, for example, whether one of skill in the art would know

which measurement technique to employ to determine the maximum slope of a curve.

Dow's primary claim in its petition for en banc review is that the panel applied a *de novo* review to reverse a district court fact finding. The *Dow* decision cannot change the Supreme Court's recent holding, unequivocally clear, that fact findings which rely upon extrinsic evidence must be given deference on appeal. *Teva,* 135 S. Ct. at 835. In explaining that *Nautilus* changed the indefiniteness standard, *Dow* relies on two of our post-*Nautilus* cases, both of which recognize that fact findings underlying an indefiniteness determination are reviewed for clear error. *Dow*, 803 F.3d at 630–31 (citing *Teva II*, 789 F.3d at 1341, 1344–45; and *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014)). In *Teva II,* we determined the claims were indefinite because in response to two examiner rejections of indefiniteness of the same term (molecular weight) the patentee made conflicting statements in the prosecution history and the district court's fact findings—reviewed for clear error—could not overcome the uncertainty due to these statements:

> During prosecution of the related '847 and '539 patents, which with respect to molecular weight have identical specifications, examiners twice rejected the term "molecular weight" as indefinite for failing to disclose which measure of molecular weight to use ($M_p$, $M_n$, or $M_w$). And the patentee in one instance stated that it was $M_w$ and in the other stated it was $M_p$. ***We find no clear error in the district court's fact finding that one of the statements contained a scientifically erroneous claim***. We hold that claim 1 is invalid for indefiniteness by clear and convincing evidence because read in light of the specification and the prosecution history, the patentee has failed to inform with *reasonable certainty* those

> skilled in the art about the scope of the invention.
> On this record, there is not reasonable certainty
> that molecular weight should be measured using
> $M_\mathrm{p}$. This is the legal question—and on this ques-
> tion—we reverse the district court.

789 F.3d at 1345 (first emphasis added). And in *Interval
Licensing* we reviewed the district court's indefiniteness
determination *de novo* because it "rests only on intrinsic
evidence, and . . . there are no disputes about underlying
questions of fact." 766 F.3d at 1370 & n.6. *Dow* cannot
alter our precedent or overrule the Supreme Court's
decision that subsidiary fact findings are given deference
on appeal.

We have consistently permitted courts to submit legal
questions which contain underlying factual issues, like
obviousness, enablement, or indefiniteness, to the jury.
*See, e.g., BJ Servs. Co. v. Halliburton Energy Servs., Inc.*,
338 F.3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement,
definiteness, too, is amenable to resolution by the jury
where the issues are factual in nature."); *Orthokinetics*,
806 F.2d at 1576; *Beachcombers v. WildeWood Creative
Prods., Inc.*, 31 F.3d 1154, 1158 (Fed. Cir. 1994) (explain-
ing that our standard of review for denial of a motion for
JMOL in relation to a jury's conclusion of indefiniteness is
"whether the jury's express or implied findings of fact are
supported by substantial evidence, and whether those
findings support the conclusion of indefiniteness"). When
the jury renders a general verdict on validity or indefi-
niteness, we must presume all fact findings in support of
that verdict. *Circuit Check Inc. v. QXQ Inc.*, 795 F.3d
1331, 1334 (Fed. Cir. 2015); *Jurgens v. McKasy*, 927 F.2d
1552, 1557 (Fed. Cir. 1991). And when we review jury
fact findings, we do so for substantial evidence. *See
Orthokinetics*, 806 F.2d at 1571. Whatever the results of
*Dow*, it should not be viewed as having changed this well-
established law.

## II.

Precedent likewise requires that the burden of proving indefiniteness remains on the party challenging validity and that they must establish it by clear and convincing evidence. This burden—of establishing invalidity of issued patent claims—has always been on the party challenging validity. *Microsoft Corp. v. i4i Ltd., P'ship,* 131 S. Ct. 2238, 2243 (2011) ("'[a] patent shall be presumed valid' and '[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity'" (quoting 35 U.S.C. § 282 (alterations in original))); *see also* Brief for the United States as Amicus Curiae Supporting Respondent at 25, Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120 (2014) (No. 13-369), 2014 WL 1319151 (explaining that § 282 "provides no ground for distinguishing indefiniteness from other defenses of invalidity"). In *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984), we explained that this presumption of validity "imposes the burden of proving invalidity on the attacker. That burden is constant and never changes and is to convince the court of invalidity by clear evidence." Nearly thirty years later, the Supreme Court agreed with our explanation in *American Hoist*, noting that Congress had never once amended § 282 to lower the standard of proof despite often amending this section during this time and ongoing criticism of the clear and convincing standard. *Microsoft*, 131 S. Ct. at 2252. The Supreme Court concluded by stating that "any re-calibration of the standard of proof" of our "correct interpretation of § 282" remains in Congress's hands. *Id.* And there it stays to this day.

For the same reasons that *Dow* cannot alter our review of subsidiary fact findings for clear error, *Dow* cannot and does not change settled law on the burden of proving indefiniteness. The burden of proving indefiniteness, which may include proving what one of skill in the art would know how to do or not know how to do, remains

at all times on the party challenging the validity of the patent. In many different arts, measurement of some variable may be required (value, temperature, concentration, depth, dispersion, etc.). The burden of proving indefiniteness includes proving not only that multiple measurement techniques exist, but that one of skill in the art would not know how to choose among them. This knowledge of the skilled artisan is part of the proof necessary for indefiniteness and the burden of proving it is on the challenger of validity. No panel of our court could overrule the Supreme Court or this court's prior precedent on where this burden of proof lies, and the *Dow* decision should not be read to change this burden of proof.

Because I do not believe that *Dow* could have changed or did change the law of indefiniteness, I concur in the denial of en banc. No doubt this case was confused by Dow's reliance on the particular testimony of Dow's own witness who created his own measurement technique rather than simply relying on the state of the knowledge in the art about such measurement techniques.

## III.

This is not to say, however, that I agree with the decision in *Dow*. It is to say only that the questions raised by the panel's decision appear to be case-specific. It may be that the panel erred. The *Dow* panel appears to have decided the case on a basis not only not raised by Nova (whether one of skill in the art would know how to select from among multiple measurement techniques to determine maximum slope), but in fact expressly disavowed by Nova. Defs.-Appellants' Br. 49 ("Of course, one skilled in the art could determine the 'maximum slope' location on a stress-strain curve if the artisan knew that such an approach was required by the patents-in-suit."); Defs.-Appellants' Reply & Resp. Br. 13–14 ("Of course, one skilled in the art could physically locate and calculate the 'maximum slope' on a stress/strain curve if the artisan

knew that such a 'maximum slope' approach was called for by the patents-in-suit"). And it does so after a jury verdict of no indefiniteness and without giving deference to the jury's underlying fact findings.

The question of whether one of skill in the art would know which measurement method to use to determine the maximum slope of a curve is unquestionably a factual issue based upon extrinsic evidence. While I may disagree and even find troubling the panel's resolution of this case and in particular its treatment of this factual issue, that is not a sufficient reason for en banc review. So long as the *Dow* opinion is not viewed as having changed the law of indefiniteness regarding underlying fact findings, the relevance of extrinsic evidence to the inquiry, or the deference to be given to fact findings, then I concur in the denial of en banc.

# United States Court of Appeals for the Federal Circuit

---

**THE DOW CHEMICAL COMPANY,**
*Plaintiff-Cross-Appellant*

**v.**

**NOVA CHEMICALS CORPORATION (CANADA),
NOVA CHEMICALS INC. (DELAWARE),**
*Defendants-Appellants*

---

2014-1431, 2014-1462

---

Appeals from the United States District Court for the District of Delaware in No. 1:05-cv-00737-LPS, Chief Judge Leonard P. Stark.

---

O'MALLEY, *Circuit Judge*, with whom REYNA, *Circuit Judge*, joins, dissenting in the denial of the petition for rehearing en banc.

I agree with Judge Moore that both The Dow Chemical Company ("Dow") and NOVA Chemicals Corporation ("NOVA") mischaracterize the panel's decision in this matter. The panel did not and could not effect sweeping changes in the law of indefiniteness. I write separately, however, because I do not believe the panel should have discussed the law of indefiniteness at all; the panel simply did not have jurisdiction to render the judgment it did.

The panel could not reopen a validity determination that had been the subject of a final judgment that was affirmed on appeal, and as to which the Supreme Court declined review. Even if the Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014) can be viewed as a substantial change in the law of indefiniteness (a point the parties debate), and even if that change justified a different conclusion regarding the validity of the patent-at-issue here than reached by both the district court and a prior panel of this court (which I do not believe it did), there was no appeal before us that would justify this panel's decision to reach those issues.

In *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305 (Fed. Cir. 2013) (en banc), we declared that different rules of finality apply to this court than to every other Article III court of appeals. Specifically, we concluded that because damages calculations—even those done in the context of a jury trial on damages—constitute no more than an "accounting" within the meaning of 28 U.S.C. § 1292(c)(2), an action can be final for purposes of appeal even where damages determinations remain outstanding. *Id.* at 1317 (finding that "an 'accounting' within the context of § 1292(c)(2) includes a trial on damages . . . [and] that § 1292(c)(2) confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred"). Indeed, we went so far as to conclude that a determination of a patent's invalidity, or of a valid patent's infringement, can be final, and, thus, subject to an immediate appeal, even where a claim of willful infringement remained outstanding. *Id.* at 1319 ("[W]e hold that § 1292(c)(2) confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when willfulness issues are outstanding and remain undecided."). These appeals are not, according to us, interlocutory appeals; they are appeals from final judgments. *Id.* at 1308 (framing the relevant in-

quiry as whether or not determinations of damages and willfulness issues are "accountings" that, under 28 U.S.C. § 1292(c)(2), constitute "exceptions to the final judgment rule").

This decision authorized, nay encouraged, parties to engage in piecemeal appeals in patent cases and encouraged district judges to authorize the same. The district judge in this case, at the invitation of Appellant NOVA, accepted that invitation. Because the only procedural vehicle that existed for entry of a final judgment on the liability determination in this case was Rule 54(b) of the Federal Rules of Civil Procedure, that is the vehicle the trial court necessarily employed. It is also the vehicle we endorsed when the first panel to hear an appeal in this case accepted the appeal and rendered judgment on it.

Having rewritten the rules of appellate finality in *Bosch*, the current panel now violates the Rules of Civil Procedure by ignoring the implications of the trial court's Rule 54(b) final judgment in this case and our affirmance of it. The panel also ignores, moreover, the perhaps even more basic rule that an appellate court may not address issues not raised in the judgment on appeal. *See* Fed. R. App. P. 4(a)(1)(B) ("The notice of appeal may be filed by any party within 60 days after *entry of the judgment or order appealed from . . . .*" (emphasis added)); *accord Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

## DISCUSSION

Although the panel says that the judgment now on appeal came after a "remand" from this court, that is inaccurate. We did not remand anything in our earlier mandate; there was nothing to remand. The new appeal arises from a completely separate judgment than the original appeal.

Prior to the first appeal, a jury returned a verdict on validity, infringement, and damages, all in Dow's favor. The trial court then conducted a hearing regarding whether the relief afforded Dow should include not just the damages awarded for past infringement, but a permanent injunction as well. The trial court declined to issue a permanent injunction on July 30, 2010 because, among other reasons, NOVA convinced it that a running royalty until the soon-to-occur expiration of the patent would be adequate to provide Dow the full scope of the relief to which it was entitled. *Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. July 30, 2010), ECF No. 603. After that order, NOVA moved for entry of partial final judgment pursuant to Rule 54(b), stating that the only "remaining claims, [Dow's] claim of willful infringement (D.I. 1, ¶ 18) and NOVA's antitrust counterclaim (D.I. 40, Counts VII and VIII)," were sufficiently separate that they did not render improper the entry of *final judgment* on the issues of validity, infringement, and damages. *Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. Aug. 17, 2010), ECF No. 612.

While we were not required to accept review of the trial court's Rule 54(b) judgment on these issues—indeed, we arguably should not have done so even despite *Bosch* given the pending antitrust counterclaims—we did so. And we affirmed the lower court verdict and findings across the board. That put an end to the proceedings as to that final judgment.

While the trial court did proceed to calculate the measure of ongoing royalties to be awarded in lieu of an injunction once the first appeal was completed, that was not by virtue of a remand on that issue. The district court at all times retained jurisdiction on those issues that *were not* included in the Rule 54(b) final judgment, and our affirmance ended our consideration of all issues that *were* included in that final judgment. That is how the Rule operates. The trial court merely lifted its own stay on the

accounting of post-verdict infringement damages—one imposed for the parties convenience—and on the other claims that actually did remain—willfulness and the antitrust counterclaim.

The record, thus, establishes that Dow was entitled to relief for NOVA's continued infringement of its patent as of our affirmance of the Rule 54(b) final judgment. When the trial court denied Dow's request for a permanent injunction, it made clear that a remaining royalty for the life of the patent would be awarded, as it should have. *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1213 (Fed. Cir. 2010) ("Accordingly, we have noted that a patentee is 'not fully compensated' if 'the damages award did not include future lost sales.'" (quoting *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 882 (Fed. Cir. 1995)); *see also Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012) ("[W]e would normally direct an accounting of damages flowing from post-verdict and pre-judgment infringement . . . ."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1303 (Fed. Cir. 2009) (holding that "the district court was within its discretion to impose a royalty on [post-verdict sales not considered by the jury] in order to fully compensate" the patentee); *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 n.5 (Fed. Cir. 2009), modified in part by 366 F. App'x 154, 155 (Fed. Cir. 2009) (stating that an accounting should be ordered to adequately compensate the patentee). We have consistently treated these as ministerial calculations conducted by the court to reflect the full relief which appropriately should flow from a *prior* infringement and validity determination.

NOVA acknowledged both the ministerial nature of the calculation remaining before the district court and the final nature of the earlier liability determinations when, in its brief supporting its position on supplemental damages, it asserted that the only thing left for the district court to do on the damages question was to undertake an

"accounting" regarding the dollar amount due to Dow. *Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. July 3, 2013), ECF No. 750, at 1. Indeed, NOVA acknowledged that this judgment was "final" as late as September of 2013 when it filed a separate suit against Dow seeking to set aside the judgment under Federal Rule of Civil Procedure 60(d)(1), a motion that only applies to *final* judgments. *Nova Chems. Corp. (Canada) v. Dow Chem. Co.*, No. 1:13-cv-1601 (D. Del Sep. 23, 2013), ECF No. 1, ¶ 7. Tellingly, NOVA never sought to reopen the question of indefiniteness before the district court and—importantly—the judgment rendered by the district court did not address it. *Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. July 16, 2010), ECF No. 593 (NOVA arguing how to determine the ongoing royalty, not Dow's entitlement to that ongoing royalty). The only judgment entered by the district court after its liability determinations were affirmed was one which contained a calculation of damages for the period between the initial infringement judgment and the expiration of the patent. And, that is the only judgment which was appealed to us; it is that judgment which delimits the scope of our jurisdiction.

It was not until that very narrow appeal from that very narrow judgment reached us—long after the patent had expired and the damages period had closed—that the Supreme Court issued its decision in *Nautilus*. While the panel reaches to apply that later-decided case to the earlier final judgment on validity here, Rule 54(b) prohibits it from doing so. The only thing we should have reviewed on appeal is the measure of royalty owed postverdict and pre-expiration of the patent that is memorialized in the judgment from which this appeal was taken. *See Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. Apr. 23, 2014), ECF No. 764. There should be no question regarding either the validity of Dow's patent or Dow's entitlement to damages for the short interim period

between the judgment and the expiration of the patent; those had already been established and affirmed. *Accord Bosch*, 719 F.3d at 1309 (holding that a trial on damages is merely an "accounting"). Importantly, this is not a situation where new, unexpected acts of infringement occurred and the patentee sought new relief to address them. This is a situation where the relief before us in the second appeal was an aspect of the relief to which all parties understood the patentee was entitled as of the long-since affirmed, original verdict; the only question was how much that relief would be. That the parties and the court saw efficiencies from the use of a partial final judgment, and we endorsed that use, does not mean the later accounting opens up reconsideration of all underlying legal issues.[1]

To justify reaching the indefiniteness issue anew, the panel describes why it believes it is not limited by either the law of the case doctrine or concepts of issue preclusion. But that discussion is an unnecessary detour. First, the law of the case doctrine does not apply when there already has been a Rule 54(b) final judgment on an issue. The "law of the case [doctrine] does not involve preclusion after final judgment, but rather it regulates judicial affairs before final judgment." *Hughes Aircraft Co. v. United States*, 86 F.3d 1566, 1581 (Fed. Cir. 1996) (emphasis added) vacated on other grounds, 520 U.S. 1183 (1997); *see* Wright & Miller § 4478, at 10; *Pit. River Home & Agricultural Coop. Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994) ("Law of the case is not synonymous with preclusion by final judgment."). Accordingly, once

---

[1]    It is odd that we would characterize a jury trial on the full range of infringement damages as a mere accounting, but treat the calculation the district court did here as a determination that justifies the reopening of all issues subject to an earlier final judgment.

there was a final judgment on indefiniteness—which we affirmed in the first appeal—the law of the case doctrine no longer applies to that issue.

And, for issue preclusion to apply, the issue must actually be raised in the judgment we are reviewing on appeal. *Accord* Wright & Miller § 4405 ("Ordinarily both issue preclusion and claim preclusion are enforced by awaiting a second action in which they are pleaded and proved by the party asserting them."). In this case, the issue of indefiniteness was not pending before the district court in this claim for supplemental damages; indefiniteness had already been subject to a Rule 54(b) judgment that we affirmed on appeal. *Compare Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. Aug. 26, 2010), ECF No. 615 (entering final judgment on "validity, infringement and damages"), *with Dow Chem. Co. v. Nova Chems. Corp.*, 1:05-cv-737 (D. Del. Apr. 14, 2014), ECF No. 763 ("granting the request of [Dow] for supplemental damages but denying its requests for a finding of willful infringement and enhanced damages"). Because indefiniteness was not raised before the district court, and was not part of the judgment on appeal, issue preclusion is not a factor in this appeal.

To be sure, I disagreed with our conclusion in *Bosch* that piecemeal appeals are appropriate in patent cases. I also believe this court is, at times, too quick to accept certification of judgments under Rule 54(b) from district courts where aspects of the underlying action are unresolved. But my view of the law and best practices on these issues is not the governing one in this circuit. Having authorized appeals from seriatim final judgments and encouraged district courts to employ Rule 54(b) to effectuate those appeals, we should, at minimum, adhere to Rule 54(b) and its dictates.

For these reasons, while I agree with Judge Moore's concurrence to the extent issues of indefiniteness are in

play, I must dissent from the denial of en banc in this matter.