MOORE, Circuit Judge, with whom NEWMAN, O’MALLEY, and TARANTO, Circuit Judges, join, and with whom CHEN, Circuit Judge, joins with respect to parts I and II,
concurring in the denial of the petition for rehearing en banc.
While I concur that en banc action is not warranted in this case, I write separately to make clear that the panel’s opinion does not change the law of indefiniteness in three key respects. First, despite Nova’s claim to the contrary, the panel opinion does not and cannot stand for the proposition that extrinsic evidence cannot be relied upon to determine whether, in light of the state of knowledge of the skilled artisan at the time, a patent’s specification is sufficiently definite. Second, despite Dow’s contention that it does, the panel’s opinion does not alter Supreme Court and our own precedent that fact findings made incident to the ultimate legal conclusion of indefiniteness receive deference on appeal. Finally, the panel’s opinion does not alter Supreme Court and our own precedent that the burden of proving indefiniteness, as with any allegation of invalidity, remains on the party challenging validity who must establish it by clear and convincing evidence.
I.
There is no dispute that, under controlling precedent, the ultimate question of *1225 indefiniteness is one of law. Indefiniteness, like enablement, obviousness, and claim construction, sometimes requires resolution of underlying questions of fact. Teva Pharm. USA, Inc. v. Sandoz, Inc., — U.S. -, 135 S.Ct. 831, 838, — L.Ed.2d -(2015) (“Teva”) (claim construction in indefiniteness); Green Edge Enters., LLC v. Rubber Mulch Etc., LLC, 620 F.3d 1287, 1299 (Fed.Cir.2010) (“Definiteness ... and enablement ... are both questions of law with underlying factual determinations.”); Teva Pharm. USA, Inc. v. Sandoz, Inc., 789 F.3d 1335, 1345 (Fed. Cir.2015) (“Teva II ”) (indefiniteness); Alcon Research Ltd. v. Barr Labs., Inc., 745 F.3d 1180, 1188 (Fed.Cir.2014) (enablement); Dennison Mfg. Co. v. Panduit Corp., 475 U.S. 809, 811, 106 S.Ct. 1578, 89 L.Ed.2d 817 (1986) (obviousness). There is likewise no dispute that, under controlling precedent, extrinsic evidence may play a significant role in the indefiniteness analysis. Indeed, definiteness is evaluated from the perspective of a person of skill, Nautilus, Inc. v. Biosig Instruments, Inc., — U.S. -, 134 S.Ct. 2120, 2128, 189 L.Ed.2d 37 (2014); requires a determination of whether such a skilled person would understand the scope of the claim when it is read in light of the specification, Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1576 (Fed.Cir.1986); and is evaluated in light of knowledge extant in the art at the time the patent application is filed, W.L. Gore & Assoc., Inc. v. Garlock, Inc., 721 F.2d 1540, 1556-57 (Fed.Cir.1983). It has long been the case that the patent need not disclose what a skilled artisan would already know. Wellman, Inc. v. Eastman Chem. Co., 642 F.3d 1355, 1367 (Fed.Cir.2011); see W.L. Gore, 721 F.2d at 1557-58. Nautilus did not change any of those principles; it changed only the governing formulation of the substantive standard for indefiniteness, which, in many though not all cases, requires factual inquiries into skilled artisans’ understanding.
It would be incorrect to argue that the Dow decision changed this or that the intrinsic record alone must disclose which measurement method to use. Nova'defends the decision in its favor by arguing that the decision correctly determined that extrinsic evidence cannot be relied upon to determine which measurement method to use. Defs.-Appellants’ Resp. to Dow Chem. Co.’s Combined Pet. For Reh’g & Hr’g En Banc 5. We do not view the Dow decision as standing for such a sweeping change to our law or as limiting extrinsic evidence in this manner. Appreciating what a skilled artisan knew at the time of the invention is pertinent to whether the claims are reasonably clear in their meaning and scope. A question about the state of the knowledge of a skilled artisan is a question of fact, likely necessitating extrinsic evidence to establish. Dow itself recognizes that appreciation of the knowledge of skilled artisans at the time of the invention necessarily arises when trying to discern whether the claims are reasonably clear in their meaning and scope. Dow Chem. Co. v. Nova Chems. Corp., 803 F.3d 620, 635 n. 10 (Fed.Cir.2015) (noting that we considered “the knowledge of one skilled in the art” along with the claim language and prosecution history to conclude that the disputed claim term is definite in Biosig Instruments, Inc. v. Nautilus, Inc., 783 F.3d 1374, 1382-84 (Fed.Cir.2015)). Thus, Dow does not and cannot stand for the proposition that extrinsic evidence cannot be used to establish the state of knowledge of the skilled artisan, for example, whether one of skill in the art would know which measurement technique to employ to determine the maximum slope of a curve.
Dow’s primary claim in its petition for en banc review is that the panel applied a *1226 de novo review to reverse a district court fact finding. The Dow decision cannot change the Supreme Court’s recent holding, unequivocally clear, that fact findings which rely upon extrinsic evidence must be given deference on appeal. Teva, 135 S.Ct. at 835. In explaining that Nautilus changed the indefiniteness standard, Dow relies on two of our post-Nautilus cases, both of which recognize that fact findings underlying an indefiniteness determination are reviewed for clear error. Dow, 803 F.3d at 630-31 (citing Teva II, 789 F.3d at 1341, 1344-45; and Interval Licensing LLC v. AOL, Inc., 766 F.3d 1364, 1371 (Fed.Cir.2014)). In Teva II, we determined the claims were indefinite because in response to two examiner rejections of indefiniteness of the same term (molecular weight) the patentee made conflicting statements in the prosecution history and the district court’s fact findings — reviewed for clear error — could not overcome the uncertainty due to these statements:
During prosecution of the related '847 and '539 patents, which with respect to molecular weight have identical specifications, examiners twice rejected the term “molecular weight” as indefinite for failing to disclose which measure of molecular weight to use (Mp, Mm or M w). And the patentee in one instance stated that it was M w and in the other stated it was M p. We find no clear error in the district court’s fact finding that one of the statements contained a scientifically erroneous claim. We hold that claim 1 is invalid for indefiniteness by clear and convincing evidence because read in light of the specification and the prosecution history, the patentee has failed to inform with reasonable certainty those skilled in the art about the scope of the invention. On this record, there is not reasonable certainty that molecular weight should be measured using M p. This is the legal question — and on this question — we reverse the district court.
789 F.3d at 1345 (first emphasis added). And in Interval Licensing we reviewed the district court’s indefiniteness determination de novo because it “rests only on intrinsic evidence, and ... there are no disputes about underlying questions of fact.” 766 F.3d at 1370 & n. 6. Dow cannot alter our precedent or overrule the Supreme Court’s decision that subsidiary fact findings are given deference on appeal.
We have consistently permitted courts to submit legal questions which contain underlying factual issues, like obviousness, enablement, or indefiniteness, to the jury. See, e.g., BJ Servs. Co. v. Halliburton Energy Servs., Inc., 338 F.3d 1368, 1372 (Fed.Cir.2003) (“Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature.”); Orthokinetics, 806 F.2d at 1576; Beachcombers v. WildeWood Creative Prods., Inc., 31 F.3d 1154, 1158 (Fed.Cir.1994) (explaining that our standard of review for denial of a motion for JMOL in relation to a jury’s conclusion of indefiniteness is “whether the jury’s express or implied findings of fact are supported by substantial evidence, and whether those findings support the conclusion of indefiniteness”). When the jury renders a general verdict on validity or indefiniteness, we must presume all fact findings in support of that verdict. Circuit Check Inc. v. QXQ Inc., 795 F.3d 1331, 1334 (Fed.Cir.2015); Jurgens v. McKasy, 927 F.2d 1552, 1557 (Fed.Cir.1991). And when we review jury fact findings, we do so for substantial evidence. See Orthokinetics, 806 F.2d at 1571. Whatever the results of Dow, it should not be viewed as having changed this well-established law.
*1227 II.
Precedent likewise requires that the burden of proving indefiniteness remains on the party challenging validity and that they must establish it by clear and convincing evidence. This burden — of establishing invalidity of issued patent claims— has always been on the party challenging validity. Microsoft Corp. v. i4i Ltd., P’ship, 564 U.S. 91, 131 S.Ct. 2238, 2243, 180 L.Ed.2d 131 (2011) (“ ‘[a] patent shall be presumed valid’ and ‘[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity’ ” (quoting 35 U.S.C. § 282 (alterations in original))); see also Brief for the United States as Amicus Curiae Supporting Respondent at 25; Nautilus, Inc. v. Biosig Instruments, Inc., 134 S.Ct. 2120 (2014) (No. 13-369), 2014 WL 1319151 (explaining that § 282 “provides no ground for distinguishing indefiniteness from other defenses of invalidity”). In American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1360 (Fed.Cir.1984), we explained that this presumption of validity “imposes the burden of proving invalidity on the attacker. That burden is constant and never changes and is to convince the court of invalidity by clear evidence.” Nearly thirty years later, the Supreme Court agreed with our explanation in American Hoist, noting that Congress had never once amended § 282 to lower the standard of proof despite often amending this section during this time and ongoing criticism of the clear and convincing standard. Microsoft, 131 S.Ct. at 2252. The Supreme Court concluded by stating that “any re-calibration of the standard of proof’ of our “correct interpretation of § 282” remains in Congress’s hands. Id. And there it stays to this day.
For the same reasons that Dow cannot alter our review of subsidiary fact findings for clear error, Dow cannot and does not change settled law on the burden of proving indefiniteness. The burden of proving indefiniteness, which may include proving what one of skill .in the art would know how to do or not know -how to do, remains at all times on the party challenging the validity of the patent. In many different arts, measurement of some variable may be required (value, temperature, concentration, depth, dispersion, etc.). The burden of proving indefiniteness includes proving not only that multiple measurement techniques exist, but that one of skill in the art would not know how to choose among them. This knowledge of the skilled artisan is part of the proof necessary for indefiniteness and the burden of proving it is on the challenger of validity. No panel of our court could overrule the Supreme Court or this court’s prior precedent on where this burden of proof lies, and the Dow decision should not be read to change this burden of proof.
Because I do not believe that Dow could have changed or did change the law of indefiniteness, I concur in the denial of en banc. No doubt this case was confused by Dow’s reliance on the particular testimony of Dow’s own witness who created his own measurement technique rather than simply relying on the state of the knowledge in the art about such measurement techniques.
m.
This is not to say, however, that I agree with the decision in Dow. It is to say only that the questions raised by the. panel’s decision appear to be case-specific. It may be that the panel erred. The Dow panel appears to have decided the case on a basis not only not raised by Nova (whether one of skill in the art would know how to select from among multiple measurement techniques to determine maximum slope), but in fact expressly disavowed by Nova. *1228 Defs.-Appellants’ Br. 49 (“Of course, one skilled in the art could determine the ‘maximum slope’ location on a stress-strain curve if the artisan knew that such an approach was required by the patents-in-suit.”); Defs.-Appellants’ Reply & Resp. Br. 13-14 (“Of course, one skilled in the art could physically locate and calculate the ‘maximum slope’ on a stress/strain curve if the artisan knew that such a ‘maximum slope’ approach was called for by the patents-in-suit”). And it does so after a jury verdict of no indefiniteness and without giving deference to the jury’s underlying fact findings.
The question of whether one of skill in the art would know which measurement method to use to determine the maximum slope of a curve is unquestionably a factual issue based upon extrinsic evidence. While I may disagree and even find troubling the panel’s resolution of this case and in particular its treatment of this factual issue, that is not a sufficient reason for en banc review. So long as the Dow opinion is not viewed as having changed the law of indefiniteness regarding underlying fact findings, the relevance of extrinsic evidence to the inquiry, or the deference to be given to fact findings, then I concur in the denial of en banc.